IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZULLY ROQUE and PEDRO
ROQUE,

      Plaintiffs,

      v.                                                                                                  Civ. No. 24-1233 MLG/SCY

SAEL ANTONIO ORTEGA VALDEZ,
JESUS MORA MONTOYA, and
WORLD TRANSPORTATION LLC,

      Defendants.

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR SERVICE BY PUBLICATION

Plaintiffs filed this lawsuit alleging damages following a vehicle collision with a semi-truck owned by Defendant World Transportation LLC (of which Defendant Jesus Mora Montoya is one of two members) and driven by Defendant Sael Antonio Ortega Valdez. Doc. 1-2. After Defendants Montoya and World Transportation removed the case to federal court, Doc. 1, the Court extended the time to serve Valdez to June 30, 2025, Doc. 26. Having been unable to serve him, Plaintiffs filed the present "Unopposed Motion for Leave to Serve Defendant Sael Antonio Ortega Valdez by Publication." Doc. 29. Plaintiffs request leave to serve Valdez by publication in Arizona according to Rule 4(e).

Federal Rule of Civil Procedure 4(e) authorizes service on an individual within the United States by methods permitted by state law in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Pursuant to the New Mexico Rules of Civil Procedure, service by publication may be permitted "[u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule." NMRA 1-004(J), (K). Such service by publication must be "reasonably calculated under all of the circumstances to apprise the

defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." NMRA 1-004(J). Service by publication is "a last resort," proper "if and only if the names and addresses of the defendants to be served are not reasonably ascertainable" and it is not "feasible to give notice to the defendant in some manner more likely to bring the action to his attention." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 2017-NMSC-004, ¶¶ 26, 28, 31 (2016) (cleaned up). Indeed, "[t]o meet the fundamental requirements of due process, a plaintiff must undertake a diligent and good faith effort to locate defendants and serve them personally with notice. But personal service is not always feasible, and in such cases constructive notice may satisfy due process." *Id.* ¶ 26 (internal citation omitted). "[T]he exercise of diligence and good faith to locate a defendant are implicit prerequisites to effective service of process by publication." *Id.* ¶ 32. !!

The procedure for personal service of process upon an individual is outlined in NMRA 1-004(F), which permits service by delivery to the individual personally or by mail or commercial courier service. NMRA 1-004(F)(1). If either in-person service or service by mail is ineffective, then "service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant . . . and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." NMRA 1-004(F)(2). If service fails under both subparagraphs (1) and (2), then service may be made upon the defendant's place of business or employment. NMRA 1-004(F)(3). Plaintiffs must demonstrate that each of these avenues were infeasible before alternative service can be permitted. *Ellis v. United States*, No. 20cv971 CG/GBW, 2021 WL 1999492, at *2 (D.N.M. May 19, 2021).

Here, Plaintiffs allege in their motion that they have no information as to Valdez's residence and that counsel for the other Defendants (i.e., Montoya and World Transportation,

2

who owned the semi-truck Valdez was driving) "produced the only information they have on Defendant Valdez's citizenship: Mexico Passport, Constancia de Aptitud Psicofísica, and Constancia de Expedición de Licencia Federal Digital de Conductor, WTLLC 000018, 20, and 21." Doc. 29 at 2-3 & n 2. Plaintiffs attempted to serve Valdez personally at Defendant Montoya's residence in Phoenix, Arizona. Doc. 29 at 2. A woman named Millie (who Plaintiffs speculate is Milly Mendez Julian, one of two members of Defendant World Transportation along with Defendant Montoya), stated that "she knows [Valdez] but he has never lived with her." *Id.* Given this statement, and the fact that Millie did not say that Valdez resides in Mexico, Plaintiffs speculate that "he resides in the United States, likely near his employer in Phoenix, AZ." *Id.* Plaintiffs also ran a skip trace "based on the limited information" they had about Valdez but it produced no results. *Id.* As such, Plaintiffs request leave to serve Valdez by publication in a newspaper in Maricopa County, Arizona.[1] *Id.* at 4.

The Court recognizes Plaintiffs' attempts to locate and serve Valdez and the likely frustration they have experienced attendant to the difficulty in locating him. Before authorizing service by publication, however, the Court must first ensure that such service complies with due-process safeguards. One such safeguard is a demonstration that service cannot be reasonably made by a method other than publication. To satisfy this safeguard, a plaintiff must show that a defendant's location or contact information is not reasonably ascertainable. In a March 28, 2025 response to an order to show cause regarding service, Plaintiffs stated that the next step for serving Valdez (after attempting service at Montoya's address) could include "depos[ing] Milly Mendez Julian and Defendant Montoya to see what information they have regarding Defendant Valdez." Doc. 24 at 3. The Court agrees that due process considerations require Plaintiffs to

---

[1] Phoenix is located in Maricopa County.

3

attempt to obtain information about Valdez's current whereabouts from his former employers—Defendant Montoya and Milly Mendez Julian.

Here, however, Plaintiffs only represent that a woman named Millie (likely Milly Mendez Julian) stated that Valdez has never lived with her. Given the lack of information that Valdez would have any reason to live with Milly Mendez Julian, this statement is unremarkable and says little about Valdez's current location. Before the Court authorizes service by publication, it will require Plaintiffs to set forth what attempts they have made to obtain information from Defendant Montoya and Milly Mendez Julian, and what information Defendant Montoya and Milly Mendez Julian have provided, about where Valdez might be located and how he might be contacted.

Another due process safeguard is the requirement that the proposed service by publication is "reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend." NMRA 1-004(J). Plaintiffs have provided information that the members of the limited liability company for whom Valdez drove live in Arizona.[2] From this, Plaintiffs assume that Valdez is residing near his employer in Phoenix. Defendants, however, also provided information, including a Mexican passport and certificate of a digital Mexican federal driver's license, indicating that Valdez may reside in Mexico. If Valdez is in Mexico and not the United States, Plaintiffs must serve him according to Federal Rule of Civil Procedure 4(f) (not Rule 4(e) and NMRA 1-004(K)), which provides for service according to international means such as those authorized by the Hague Convention or other means as approved by the Court. Before the Court

---

[2] Plaintiffs also represent that Milly Mendez Julian said Valdez has never lived with her. An employer's unremarkable statement that an employee has never lived with the employer, however, says little about where the employee might currently be living.

4

authorizes services by publication through a newspaper in Maricopa County, Arizona, Plaintiffs must provide some additional information to satisfy the due process requirement that service in a Maricopa County newspaper is reasonably calculated to apprise Valdez of the existence and pendency of the action against him.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Serve Defendant Sael Antonio Ortega Valdez by Publication (Doc. 29) is DENIED WITHOUT PREJUDICE. Because the current deadline for serving Defendant Valdez is June 30, 2025, the Court will not, at this time, extend it further. However, Plaintiffs may file a motion for extension if needed.[3]

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[3] Further, this deadline does not apply should Plaintiffs need to serve Valdez in Mexico. *See* Fed. R. Civ. P. 4(m) (the time limit for service "does not apply to service in a foreign country under Rule 4(f)").