IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZULLY ROQUE and
PEDRO ROQUE,

      Plaintiffs,

vs.                                                  Civ. No. 24-1233 MLG/SCY

SAEL ANTONIO ORTEGA
VALDEZ; JESUS MORA
MONTOYA; and WORLD
TRANSPORTATION, LLC,

      Defendants.

**ORDER GRANTING MOTIONS TO COMPEL
INDEPENDENT MEDICAL EXAMINATIONS**

Plaintiffs Zully Roque and Pedro Roque allege in their First Amended Complaint that Defendant Sael Antonio Ortega Valdez, who was driving a semi-truck owned by Defendant World Transportation, crashed into the back of their car, causing them physical and mental injuries. Doc. 1-3. Presently before the Court are Defendant World Transportation's two motions seeking an independent medical examination ("IME") of each Plaintiff, to be performed by Dr. Paul Saiz, an orthopedic surgery specialist. Doc. 37 (motion related to Zully Roque), Doc. 46 (response), Doc. 48 (reply); and Doc. 38 (motion related to Pedro Roque), Doc. 45 (response), Doc. 49 (reply). Because the motions are nearly identical, the Court will address them together. For the reasons discussed below, the Court GRANTS Defendant's motions to conduct IMEs.

**DISCUSSION**

Plaintiffs oppose the request for IMEs and argue that even if the Court allows them, it should set certain limitations on the IMEs. The Court addresses these issues in turn.

1. <u>IME</u>

    Under Federal Rule of Civil Procedure 35,

    > The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause and on notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a)(1), (2). Rule 35 requires the court to decide "whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'" *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). In a "negligence action" where a plaintiff "asserts mental or physical injury," the Supreme Court has instructed that the plaintiff "places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119.

Here, Plaintiffs bring this negligence action, asserting mental and physical injury as a result of a car accident. *See* Doc. 1-2 at 3 ¶¶ 22, 27, 34 (amended complaint, seeking damages, among other things, for medical bills, physical pain, and mental suffering). Specifically, Plaintiffs assert that,

> [a]s a result of the crash, Zully Roque suffered a C5-C6 central disc herniation, for which she has an Anterior Cervical Discectomy and Fusion surgical recommendation. She also suffers from severe pain, torn rotator cuff, persistent concussion syndrome, and post-traumatic headaches. Pedro Roque suffered a L4-L5 bulging disc. He also suffers from severe pain, persistent concussion syndrome and post-traumatic headaches.

Doc. 9 at 2 (joint status report). Given these allegations, the Court finds that Plaintiffs' mental and physical injuries are in controversy and that good cause exists for their IMEs under Rule 35. *See e.g.*, *Lopez v. Singh*, No. CV 22-36 JCH/SCY, 2023 WL 402024, at *1 (D.N.M. Jan. 25,

2023) ("The Court finds good cause under Rule 35 for an IME because Plaintiff claims personal injury damages resulting from a car accident.").

Plaintiffs object to the IMEs, arguing that because they have provided their medical reports in discovery and because their treating doctors will be available to testify, there is no good cause to support the IMEs. In reply, Defendant argues that it is "entitled to an IME to discern the reliability of the records provided by Ms. [and Mr.] Roque's treating providers." Doc. 48 at 2; Doc. 49 at 2. The Court agrees with Defendant. In addition to being entitled to seek Plaintiffs' medical records under Rule 33 or 34 (by interrogatories or requests for production) and to depose Plaintiffs' medical providers under Rule 30, Defendant is also entitled to an IME upon meeting the criteria of Rule 35. "[A] plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of plaintiff's treating physicians, are available." *Hatchett v. United Parcel Serv., Inc.*, No. 13-CV-1183 MCA/SMV, 2014 WL 12792348, at *1 (D.N.M. June 12, 2014), *objections overruled*, 2014 WL 12789702 (D.N.M. July 18, 2014) (quoting *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 391-92 (S.D. Tex. 2013)).

Plaintiffs also object to the IMEs because "[if] a further examination is allowed, one exam, one doctor, and one hour will be used by Defendant to undermine all of Roque's providers' opinions." Doc. 46 at 3; Doc. 45 at 3. To the extent Plaintiffs are arguing that an IME should be given less weight than multiple examinations conducted by treating physicians, Plaintiffs will, in due course, have the opportunity to challenge the IME results. Plaintiffs can move to exclude evidence of the IMEs, cross-examine at trial any doctor who testifies about the IMEs, and argue to the factfinder that the testimony of the treating physicians is most credible. To the extent Plaintiffs' argument is one of policy, i.e., Rule 35 is a bad rule, it is not the Court's

3

prerogative to disregard duly enacted rules. When the requirements of Rule 35 are met, as they are here, the Court must apply Rule 35. The Court therefore grants Defendant's request to conduct an IME of each Plaintiff.

2. Limitations

Plaintiffs argue that if the IMEs are allowed, certain limitations should be in place. First, they argue that they should not be required to drive over three hours from their home in Rio Rancho to Las Cruces, where Dr. Saiz's office is located. Rather, they assert, the IMEs should take place in Rio Rancho or remotely.

"The general rule is that mental or physical examinations should occur in either the district where the case is pending or the district where the plaintiff resides." *Weeks v. Sands*, No. 20-CV-2709-TMP, 2021 WL 1269086, at *3 (W.D. Tenn. Apr. 6, 2021); *see also Cameron v. Gutierrez*, No. CV 19-841 GJF/KK, 2020 WL 5326946, at *3 (D.N.M. Sept. 4, 2020) ("'The general rule' regarding the location of Rule 35 examinations 'is that a plaintiff who brings suit in a particular forum may not avoid appearing for an examination in that forum.'") (citing *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 399-400 (S.D. Tex. 2013)). While an IME must "be conducted at a time and place that is not inconvenient to the party to be examined . . . the parties also must consider that the facilities and equipment an examiner needs are likely at his place of practice." *Armijo v. Cardinal Logistics Mgmt. Corp.*, No. 1:23-CV-00573-DHU-LF, 2025 WL 48598, at *3 (D.N.M. Jan. 8, 2025) (internal quotation marks and citations omitted). "The burden is therefore on the party resisting the IME to demonstrate with specific evidence (for example, notes from doctors) that traveling to the examination at the time and place proposed by the movant poses undue burden or hardship." *Id.* (internal quotation marks and citation omitted).

Here, although the proposed location of the IMEs, Las Cruces, is in the same district where Plaintiffs reside and where the case is pending, the District of New Mexico is geographically large. The time needed to travel by car between Rio Rancho and Las Cruces is over three hours each way. The Court recognizes that such travel is more burdensome than traveling to a doctor's office located in the same metropolitan area. Plaintiffs, however, fail to provide any information or specifics as to what, if any, undue burden or hardship that travel time may cause them. That is, Plaintiffs only conclusory allege that the over-three-hour drive "would be unduly burdensome," Doc. 46 at 4; Doc. 45 at, and therefore fail to meet their burden of "demonstrat[ing] with specific evidence . . . that traveling to the examination at the time and place proposed by the movant poses undue burden or hardship." *Armijo*, 2025 WL 48598, at *3 (internal quotation marks and citation omitted). Likewise, Plaintiffs do not request cost-shifting for their travel to Las Cruces, and so the Court need not consider it. Accordingly, the Court will order Plaintiffs to travel to Las Cruces for the IMEs.

Second, Plaintiffs argue that a video or audio recording of the examination should be allowed to "ensure transparency and accuracy in reporting." Doc. 46 at 5; Doc. 45 at 5. "The 'presence of recording devices' during IMEs is 'disfavored' because it 'changes the nature of the proceeding.'" *Armijo*, 2025 WL 48598, at *4 (quoting *Ornelas*, 292 F.R.D. at 397). As such, "[m]ost federal courts do not allow the presence of counsel or video recording at an IME absent special circumstances." *Pepe v. Casa Blanca Inn & Suites, LLC*, No. 18-CV-476 JCH/JFR, 2019 WL 10960399, at *2 (D.N.M. July 11, 2019) (collecting cases); *see also Armijo*, 2025 WL 48598, at * 4 ("special circumstances for the request to record an IME must be shown, as fairness and medical integrity considerations underlie the determination") (internal quotation marks and citation omitted).

The only special circumstance Plaintiffs offer to support their request for video or audio recording is that their primary language is Spanish and allowing a recording will "ensure that there are no issues lost in translation regarding Roque's current medical status." Doc. 46 at 6; Doc. 45 at 6. Although an audio or video recording might document potential miscommunications, recording the miscommunications would not prevent them. In contrast, the use of an interpreter would help to prevent any miscommunications. As such, the Court denies Plaintiffs' request for video or audio recordings of the IMEs but will permit Plaintiffs to bring their own Spanish interpreters to the IMEs. The role of any interpreter Plaintiffs choose to bring shall be limited to translating, without explication, the words spoken during the IMEs, and shall be paid for by Plaintiffs. *See Echon v. Sackett*, No. 14cv3420, 2018 WL 684758, at *1 (D. Colo. Feb. 2, 2018) (interpreter services needed to assist parties to civil proceedings not instituted by the United States are the responsibility of that party) (collecting cases).

Lastly, Plaintiffs argue that, after the examination, Defendant should be required to provide them "all data, test, documents, and forms related to the Rule 35 examination." Doc. 46 at 7; Doc. 45 at 7. Rule 35 requires Defendant to provide Plaintiffs with the "examiner's report, together with like reports of all earlier examinations of the same condition," and the examiner's report "must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Fed. R. Civ. P. 35(b)(1), (2). Plaintiffs provide no further details as to their request for data, tests, documents, and forms and so it is unclear if they are requesting information beyond what Rule 35 already requires. To the extent Plaintiffs request what Rule 35 requires Defendant to provide, Defendant must provide that information. To the extent Plaintiffs request information beyond what Rule 35 requires Defendant to provide, the Court denies Plaintiffs' request. *Booker v. P.A.M. Transp., Inc.*, No. 2:23-CV-18 WJ/KRS, 2024 WL

3890412, at *4 (D.N.M. Aug. 21, 2024) ("To the extent Plaintiff[s are] seeking information beyond what Rule 35 requires, [they fail] to provide support for requiring such disclosure.").

## CONCLUSION

For these reasons, the Court GRANTS (1) Defendant World Transportation LLC's Motion for Entry of Order for Independent Medical Examination of Zully Roque (Doc. 37); and (2) Defendant World Transportation LLC's Motion for Entry of Order for Independent Medical Examination of Pedro Roque (Doc. 38). The details of the examination doctor, place, manner, conditions, scope, and report shall be those listed in Defendant's motions. Doc. 37 at 6-7; Doc. 38 at 6-7. The parties shall confer on a mutually-agreeable date and time for the examinations. Lastly, Plaintiffs may bring Spanish interpreters to the IMEs, to be paid for by Plaintiffs.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE